

JUDGE LEISURE

227-07/DPM/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
International Alliance Ltd.
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

Don P. Murnane, Jr. (DM 3639)
Lawrence J. Kahn (LK 5215)

MAY 02 2007
CASHIER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INTERNATIONAL ALLIANCE LTD.,

     Plaintiff,

 -against-

SOURCE LINK SHIPPING CO. LTD. BVI,

     Defendant.
-----------------------------------------------------------x

07 CIV _____ (    )

**VERIFIED COMPLAINT**

Plaintiff INTERNATIONAL ALLIANCE LTD. ("ALLIANCE"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SOURCE LINK SHIPPING CO. LTD. BVI ("SOURCE LINK") alleges upon information and belief as follows:

 1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breaches of a maritime contract of charter party. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.*

NYDOCS1/282237.2     1

2. At all times relevant hereto, ALLIANCE was and still is a business entity duly organized and existing under the laws of a foreign country, with an office in care of its managers, Polembros Shipping Ltd., 89 Akti Miaouli Street, Piraeus 18538, Greece.

3. At all times relevant hereto, SOURCE LINK was and still is a business entity organized and existing under the laws of the British Virgin Islands, a foreign country, with an office and place of business at 15 Deji Mansion, 188 Changjiang Road, Nanjing 210018, Peoples Republic of China.

4. On or about August 1, 2006, ALLIANCE, as owner of the M/V DIAMOND WARRIOR, entered into a charter party agreement on an amended NYPE Form with SOURCE LINK for a charter of the vessel for a period of "minimum 4 months to about 6 months" at a daily hire rate of $39,000.

5. On November 13, 2006, the vessel was again fixed to SOURCE LINK on an amended NYPE Form in direct continuation of the August 1, 2006 fixture. The November 13, 2006 charter was for a period of "min 24 mons/abt 26 mons" for a daily hire rate of "aver of the 4 T/C routes per month with a 9% discount".

6. ALLIANCE performed all of its obligations under both charters.

7. The August 1 charter expired on February 28, 2007 and the vessel was immediately delivered into the November 13, 2006 charter party.

8. In breach of the November 13, 2006 charter party, SOURCE LINK redelivered the vessel early, at 1830 hours on April 15, 2007. At that time, the charter party for the M/V DIAMOND WARRIOR was less than two months into its minimum 24 month term.

9. Under the November 13 charter party, ALLIANCE would have earned, as nearly as may presently be calculated, a daily hire rate of $90,000 for the period April 15, 2007 – February 28, 2009. This is a period of 684 days.

10. In mitigation of its damages, ALLIANCE was able to secure a 90-day charter commencing April 15, 2007, but at the lower daily rate of only $70,000. Accordingly, over the first 90 days, ALLIANCE suffered a loss caused by SOURCE LINK's breach of $20,000 per day, for a total, as near as may presently be calculated, of $1,800,000.

11. ALLIANCE recognizes that it will need to mitigate its losses over the remaining 594 days of the November 13 charter breached by SOURCE LINK by entering into substitute charters on best available terms.

12. In estimating its damages over the remaining 594 days of the charter period, and given the rising market for vessels like the M/V DIAMOND WARRIOR, ALLIANCE calculates that it will lose approximately 50% of the current $90,000 daily hire rate in mitigation, resulting in damages estimated at 594 days x ($90,000 x 50%) or $26,730,000.

13. ALLIANCE's damages, as best as may presently be calculated / estimated, total $28,530,000.

14. The charter specifically provides for the resolution of all disputes by arbitration at London, England, with English law to apply. ALLIANCE specifically reserves its right to arbitrate the merits of its dispute with SOURCE LINK pursuant to the terms of the charter.

15. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, and the cost of the arbitration, all of which constitutes a part of the Plaintiff's claim.

16. ALLIANCE estimates that its attorneys fees, costs, disbursements and the cost of the arbitration will be approximately $350,000.

17. Interest is also typically awarded, at the rate of 8%, compounded quarterly. ALLIANCE estimates that it will be awarded $2,282,400 in interest per annum. The typical time taken from commencement of arbitration through entry of judgment on an award is approximately 3 years. Accordingly, ALLIANCE estimates that it will be awarded approximately $6,847,200 in interest.

18. In all, SOURCE LINK owes ALLIANCE damages in the amount of $35,727,200, as near as presently may be estimated, which amount includes awardable costs, fees, and interest in the arbitration, no part of which has been paid by SOURCE LINK. ALLIANCE specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure ALLIANCE.

19. After investigation, Defendant SOURCE LINK cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or

being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

**W H E R E F O R E**, Plaintiff ALLIANCE prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant SOURCE LINK, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of $35,727,200 be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to, from or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 2, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
International Alliance Ltd.

By: _____
Don P. Murnane, Jr. (DM 3639)
Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

Lawrence J. Kahn, being duly sworn, deposes and says:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications and documents provided by our client regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Lawrence J. Kahn

Sworn to before me this
2 day of May, 2007

_____
Notary Public