227-07/DPM/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff International Alliance Ltd.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)

Don P. Murnane, Jr. (DM 3639)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

INTERNATIONAL ALLIANCE LTD.,

                        Plaintiff,

     -against-

SOURCE LINK SHIPPING CO. LTD. BVI,

                      Defendant.
-------------------------------------------------------------x

**07 CIV 3525 (PKL)**

**AFFIRMATION OF
LAWRENCE J. KAHN**

     LAWRENCE J. KAHN, an attorney at law, affirms under penalty of perjury as follows:

     1.     I am an attorney admitted to practice before this Court and am a partner of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff International Alliance Ltd. I am not a party to the action, am over 18 years of age and reside at 80 Pine Street, New York, New York. I submit this Affirmation on behalf of International Alliance in support of its motion for a judgment by default against Defendant Source Link Shipping Co. Ltd. BVI.

### Factual Background

2.      This action arises under the Court's admiralty and maritime jurisdiction in that it relates to a charter party dispute between International Alliance, as owner of the M/V DIAMOND WARRIOR, and Source Link, as charterer.

3.      International Alliance and Source Link first entered into a charter for the vessel on August 1, 2006.  That charter let the vessel to Source Link for a period of "minimum 4 months to about 6 months" at a daily hire rate of $39,000.  A copy of the August 1 charter is annexed hereto as Ex. 1.

4.      On November 13, 2006, the vessel was again fixed to Source Link in direct continuation of the August 1 charter.  The November 13 charter was for a period of "min 24 mons/abt 26 mons" for a daily hire rate of "aver of the 4 T/C routes per month with a 9% discount".  A copy of the November 13 charter fixture is annexed hereto as Ex. 2.

5.      The August 1 charter expired on February 28, 2007 and the vessel was immediately delivered into the November 13 charter party.

6.      In breach of the November 13 charter, Source Link redelivered the vessel early, at 1830 hours on April 15, 2007.  At that time, the November 13 charter was less than two months into its minimum 24 month term.

### International Alliance's Damages and Mitigation Efforts

7.      In an effort to mitigate damages, International Alliance immediately delivered the vessel into a short-term charter with Transfield dated April 15, 2007.  This charter was at a daily hire rate of $70,000 and lasted for 107.729167 days.  A copy of the fixture with Transfield is annexed hereto as Ex. 3.

8.     The daily hire rate under the Transfield charter was less than could have been earned had the charter with Source Link continued.   The following chart shows International Alliance's losses:

| Time Period | Average 4TC Route | Average 4TC Route – 9% | Transfield C/P Rate | Loss Per Day | Total Loss |
|---|---|---|---|---|---|
| April 15-30 | $97,384.64 | $88,620.03 | $70,000.00 | $18,620.03 | $279,300.45 |
| May 1-31 | $107,821.40 | $98,117.48 | $70,000.00 | $28,117.48 | $871,641.88 |
| June 1-30 | $87,572.55 | $79,691.02 | $70,000.00 | $9,691.02 | $290,730.06 |
| July 1-31 | $97,372.08 | $88,608.59 | $70,000.00 | $18,608.59 | $576,866.29 |
| TOTAL | | | | | $2,018,538.68 |

9.     In a continuing effort to mitigate its losses, International Alliance arranged for a charter with Wylex for use of the vessel upon the termination of the Transfield charter.   The Wylex charter was dated July 19, 2007 and was for a daily hire rate of $80,000.  The Wylex charter had a duration of 37.541667 days.  A copy of the Wylex charter fixture is annexed hereto as Ex. 4.

10.     The daily hire rate under the Wylex charter was less than could have been earned had the charter with Source Link continued.   The following chart shows International Alliance's losses under the Wylex charter:

| Time Period | Average 4TC Route | Average 4TC Route – 9% | Wylex C/P Rate | Loss Per Day | Total Loss |
|---|---|---|---|---|---|
| Aug 1-31 | $114,433.40 | $104,134.39 | $80,000.00 | $24,134.39 | $748,166.09 |
| Sept 1-7 | $134,057.57 | $121,992.39 | $80,000.00 | $41,992.39 | $293,946.73 |
| TOTAL | | | | | $1,042,112.82 |

11.     In further continuation of its efforts to mitigate its losses, International Alliance arranged for a charter with Noble for use of the vessel upon termination of the Wylex charter.  The Noble charter was dated August 16, 2007 and was for a daily hire rate of $97,500.  The vessel remains on charter to Noble at present.  The charter has been twice renewed, but the rate has changed.  The $97,500 daily rate ended December 1,

2007. Under the first renewal, from December 2, 2007 through February 29, 2008, the daily rate was $150,000. Under the second renewal, commencing March 1, the daily rate was $100,000. The vessel continues under charter to Noble at the $100,000 rate. A copy of the Noble charter fixture is annexed hereto as Ex. 5. A copy of the fixture renewal at $150,000 per day is annexed hereto as Ex. 6. A copy of the fixture renewal at $100,000 per day is annexed hereto as Ex. 7.

12.     The daily hire rate under the Noble charter is less than could have been earned had the charter with Source Link continued. The following chart shows International Alliance's losses under the Noble charter:

| Time Period | Average 4TC Route | Average 4TC Route – 9% | Noble C/P Rate | Loss Per Day | Total Loss |
|---|---|---|---|---|---|
| Sept. 7-30 | $134,057.57 | $121,992.39 | $97,500.00 | $24,492.39 | $563,324.97 |
| Oct. 1-31 | $176,215.14 | $160,355.78 | $97,500.00 | $62,855.78 | $1,948,529.18 |
| Nov. 1-30 | $179,511.24 | $163,355.23 | $97,500.00 | $65,855.23 | $1,975,656.90 |
| Dec. 1 | $170,668.78 | $155,308.59 | $97,500.00 | $57,808.59 | $57,808.59 |
| Dec. 2-31 | $170,668.78 | $155,308.59 | $150,000.00 | $5,308.59 | $159,257.70 |
| Jan. 1-31 | $110,262.34 | $100,338.73 | $150,000.00 | -$49,661.27 | -$1,539,499.37 |
| Feb. 1-29 | $111,501.77 | $101,466.61 | $150,000.00 | -$48,533.39 | -$1,407,468.31 |
| March 1-31 | $130,145.20 | $118,432.13 | $100,000.00 | $18,432.13 | $571,396.03 |
| April 1-30 | $141,395.00 | $128,669.45 | $100,000.00 | $28,669.45 | $860,083.50 |
| TOTAL | | | | | $3,189,089.19 |

13.     The charter with Source Link was for a minimum period of 24 months. The charter commenced on February 28, 2007, so therefore the earliest date that Source Link could legitimately have redelivered the vessel was February 28, 2009.

14.     Actual losses from April 15, 2007 through April 30, 2008 have been demonstrated above. Ten months' worth of anticipated future damages remain, however, from May 1, 2008 through February 28, 2009. This is a period of 304 days.

15.     The average daily hire rate from the charters following the redelivery of the vessel is $99,500 ($70,000 + $80,000 + $97,500 + $150,000 + $100,000 / 5).

16.    The average monthly 4TC Routes – 9% (the contracted rate with Source Link) over the same period is $118,372.53 ($98,117.48 + $79,691.02 + $88,608.59 + $104,134.39 + $121,992.39 + $160,355.78 + $163,355.23 + $155,308.59 + $100,338.73 + $101,466.61 + $118,432.13 + $128,669.45 / 12).

17.    The anticipated loss over the remainder of the Source Link contract is calculated by subtracting the average daily hire rate ($99,500) from the average contracted rate with Source Link ($118,372.53) and by multiplying that figure by the number of days (304) remaining on the contract.  This anticipated loss is ($118,372.53 - $99,500) x 304 = $5,737,249.88.

18.    International Alliance's total loss as a result of the breach by Source Link is calculated by adding the actual losses of $2,018,538.68 (¶8, table) + $1,042.112.82 (¶10, table) + $3,189,019.19 (¶12, table) to its anticipated losses $5,737,249.88 (¶17). This results in total loss to International Alliance of **$11,986,920.57**.

19.    The total loss set forth above is less than the amount anticipated would be lost as set forth in the Verified Complaint.  International Alliance submits that the decrease in damages is a clear demonstration that it has adequately and properly mitigated the losses stemming from Source Link's breach.

### Default

20.    Judgment by default is appropriate in this action.  Defendant was served with the Summons and Complaint and more than the required time has passed for Defendant to respond.  Defendant has failed to respond to the Complaint in any way and the Clerk has issued a Certificate of Default, a copy of which is also provided.

21.    Plaintiff is informed that Defendant has ceased to do business. Defendant's telephone and fax are disconnected, and mail sent to its address is returned. The local post office has no forwarding information for Defendant.  An independent investigator's report indicates that Defendant has ceased trading.

22.    This comes as little surprise, as Defendant has defaulted on a number of contracts with several other entities, many of which sought relief before this Court: *China National Chartering Corp. v. Source Link Shipping Co.*, 07 CIV 2736; *Deiulemar Shipping S.p.A. v. Source Link Shipping Co.*, 07 CIV 2983; *Pan Oceanic Maritime Inc. v. Source Link Shipping Co.*, 07 CIV 3089; *Perseverenza di Navigazione S.p.A. v. Source Link Shipping Co.*, 07 CIV 3091; *Eurotrade Inc., Liberia v. Source Link Shipping Co.*, 07 CIV 3172; *STX Pan Ocean Co. Ltd. v. Source Link Shipping Co.*, 07 CIV 3632.  Source Link has not responded to any of these law suits against it.  Several of the aforementioned plaintiffs have also commenced arbitrations against Source Link to which Source Link has not responded either.

23.    International Alliance has entered into a settlement agreement with the plaintiffs in all the other matters set forth above, the terms of which are confidential. International Alliance's pursuit of a judgment by default and its enforcement against Source Link's funds restrained pursuant Rule B in connection with this action is all contemplated and approved as part of the settlement agreement.  The settlement is designed to bring all of these actions against Source Link to a conclusion.

24.    Based upon the foregoing, judgment by default in favor of International Alliance should be granted in the amount of $11,986,920.57, together with such other, further and different relief, including but not limited to attorneys fees, costs and interest,

together with the cost of any further collection efforts, as the Court may deem just and proper in the premises.

25.    There has been no prior request for the relief sought herein.

Dated: New York, New York
       May 8, 2008

_____
Lawrence J. Kahn (LK 5215)