USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INTERNATIONAL ALLIANCE LTD.,

                Plaintiff,

-against-

SOURCE LINK SHIPPING CO. LTD. BVI,

                Defendant.
-----------------------------------------------------------x

07 CIV 3525 (PKL)

**ORDER DIRECTING CLERK
TO ENTER JUDGMENT**

      This action was brought by Plaintiff INTERNATIONAL ALLIANCE LTD. by the filing of a Verified Complaint on May 2, 2007 against Defendant SOURCE LINK SHIPPING CO. LTD. BVI. INTERNATIONAL ALLIANCE sought security for an eventual judgment pursuant to Supplemental Rule B and that relief was granted pursuant to an Order of this Court of even date.

      Funds in which SOURCE LINK had an attachable interest have been restrained at one or more garnishee banks within this District. SOURCE LINK has made no effort to lift the restraint on its property.

      The underlying contract between the parties was a maritime contract of charter party dated November 13, 2006 in which INTERNATIONAL ALLIANCE chartered the M/V DIAMOND WARRIOR to SOURCE LINK. This charter was the continuation of a prior charter dated August 1, 2006. INTERNATIONAL ALLIANCE alleges that SOURCE LINK breached the charter by redelivering the vessel early, just two months into a two-year contract. Copies of the original charter and the November 13, 2006 fixture have been supplied to the Court.

INTERNATIONAL ALLIANCE took steps to mitigate its damages and has provided the Court with evidence of the same. As a first step, INTERNATIONAL ALLIANCE immediately delivered the vessel into a short term charter with a company called Transfield. That charter earned less than would have been earned over the same period had the SOURCE LINK charter continued. INTERNATIONAL ALLIANCE claims losses on the Transfield charter of $2,018,538.68.

At the conclusion of the Transfield charter, INTERNATIONAL ALLIANCE arranged for a new charter with a company called Wylex. That charter, too, earned less than would have been earned over the same period had the SOURCE LINK charter continued. INTERNATIONAL ALLIANCE claims losses on the Wylex charter of $1,042,112.82.

Finally, upon the completion of the Wylex charter, INTERNATIONAL ALLIANCE let its vessel to a company called Noble. The vessel remains on charter to Noble at present. Under the charter with Noble, in some months INTERNATIONAL ALLIANCE earned less than would have been earned over the same period had the SOURCE LINK charter continued, but in other months INTERNATIONAL ALLIANCE earned more. INTERNATIONAL ALLIANCE claims losses on the Noble charter of $3,189,019.19.

INTERNATIONAL ALLIANCE has submitted evidence of all the foregoing mitigation efforts.

INTERNATIONAL ALLIANCE claims future losses as well for the final ten months of the charter. INTERNATIONAL ALLIANCE proposes that its future losses be calculated as follows: Plaintiff takes the average daily hire rate from the mitigation

charters following the breach of $99,500 per day and subtracts this figure from the average daily contracted rate with SOURCE LINK of $118,372.53. INTERNATIONAL ALLIANCE then multiplies this sum by the number of days remaining in the final ten months (304 days). This results in future losses of $5,737,249.88.

In all, INTERNATIONAL ALLIANCE seeks damages in the amount of $11,986,920.57. INTERNATIONAL ALLIANCE alleges that this amount is far below the amount originally claimed in the Verified Complaint and that such diminution in claim demonstrates the adequacy and appropriateness of its mitigation efforts.

SOURCE LINK was served with the Summons and Verified Complaint and was given appropriate notice of the restraint of its property by INTERNATIONAL ALLIANCE. The time for SOURCE LINK to appear and respond to the suit has passed with no appearance, answer, motion, or any other action taken by SOURCE LINK, and the Clerk of Court has noted SOURCE LINK's default.

On May 9, 2008, INTERNATIONAL ALLIANCE moved by way of Order to Show Cause why default judgment should not be entered against SOURCE LINK. Pursuant to this Court's Order, SOURCE LINK was given until 5:00 p.m. on May 27, 2008 to respond. SOURCE LINK has failed to make any response at all.

The conditions having been satisfied for entry of judgment by default, and after due consideration of the merits, the Court hereby finds in favor of INTERNATIONAL ALLIANCE and against SOURCE LINK based on the allegations of the Verified Complaint. The Court finds further that INTERNATIONAL ALLIANCE's calculations of its damages as a result of SOURCE LINK's breach of the November 13, 2006 charter party (as set forth in greater detail in the Kahn Affirmation accompanying

INTERNATIONAL ALLIANCE's application) are correctly stated and that its calculations of future damages is reasonable and appropriate. The Court also finds that the diminution in damages is an adequate demonstration of the reasonable and appropriate efforts made by INTERNATIONAL ALLIANCE to mitigate its damages.

As a result of the foregoing, the Court hereby **ORDERS** the Clerk of Court to ENTER JUDGMENT in favor of Plaintiff INTERNATIONAL ALLIANCE, LTD. and against SOURCE LINK SHIPPING CO., LTD. BVI in the sum of $11,986,920.57. The Clerk shall also award interest at the statutory rate and shall tax costs, all in favor of INTERNATIONAL ALLIANCE and against SOURCE LINK.

Since some property in which SOURCE LINK had an attachable interest has already been restrained pursuant to this Court's May 2, 2007 Order, in keeping with Rule 69(a) there is no need for Plaintiff to serve a writ of execution on the garnishee bank(s) holding such funds in order to execute upon such restrained property. Accordingly, it is hereby **FURTHER ORDERED** that ten business days after entry of Judgment in this matter, any garnishee bank holding property of SOURCE LINK, upon receipt of a copy of this Judgment, is directed to release the full amount of any such funds, including any after-acquired property and/or interest earned on such funds (if any) to Plaintiff's counsel, or at Plaintiff's counsel's direction, forthwith, up to the full amount of the Judgment.

**SO ORDERED. ENTER JUDGMENT ACCORDINGLY.**

Dated: New York, New York
June 3, 2008

_____
The Hon. Peter K. Leisure, U.S.D.J.